IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Urban Tri Gear LLC,** | |
| **Plaintiff,** | |
| v. | Civil Action No. _____ |
| **Urban Tri, Inc. and TODD OLSON** | |
| **Defendants.** | |

## COMPLAINT AND JURY DEMAND

For its Complaint against Defendants Urban Tri, Inc. (hereafter "UTI"), and Todd Olson, Plaintiff Urban Tri Gear LLC, (hereinafter "UTG") alleges as follows:

### NATURE OF ACTION

1. This is an action for willful federal goods/service mark and trade name infringement, unfair competition, and federal service marks and trade name dilution, in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c); violation of the Illinois Uniform Deceptive Trade Practices Act; violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; and unfair competition under Illinois common law.

2. This action results from UTI's and TODD OLSON's unauthorized use in commerce of the UTG's goods/service marks and trade names.

### THE PARTIES

3. Urban Tri Gear LLC is an Illinois corporation with its principal place of business at 842 E Ogden Ave. Westmont IL 60559. Urban Tri Gear LLC is a Limited Liability Company

of Illinois. It is an active retailer with a premiere triathlon shops in Westmont and Burr Ridge IL and an on-line virtual Internet retail store for goods and services that features sporting goods that are used by triathletes. The goods and services are sold throughout the United States from both the retail store and on-line virtual Internet retail store are generally for triathletes that are training in swimming, biking and running to compete in triathlon events.

4. Defendant UTI is a Minnesota corporation with its principal place of business at 4914 Arden Ave, Edine MN 55424. Defendant is a an active retailer with a triathlon shop in Edine MN and an on-line virtual Internet retail store for goods and services that features sporting goods. The goods and services sold throughout the United States from the retail store and on-line virtual Internet store are generally for triathletes that are training in swimming, biking and running to compete in triathlon events. In short, Defendant sells identical goods and services where the sporting goods sold come from the same vendors who sell both to the Plaintiff and the Defendant.

5. Defendant TODD OLSON is the Chief Executive Officer of the Defendant UTI and actively manages and orders the goods and performs the services of Defendant UTI that selected the confusingly similar URBAN TRI mark and tradename for UTI.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Urban Tri Gear LLC federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over Urban Tri Gear LLC's related state and common law claims under 28 U.S.C. §§ 1338(b) and 1367.

7. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District because a substantial part of the events giving rise to the claims herein occurred in this District.

8. This Court has jurisdiction over UTI and TODD OLSON on the grounds that defendants have engaged in and continue to engage in tortious activities within this State and this District. Defendants transact business within this State and this District by ordering and selling goods and/or services through its on-line virtual Internet retail store in this District under the name URBAN TRI and its web site uses the www.urbantri.net URL to solicit business. Defendants' actions produce substantial effects in and directly implicate this forum.

### URBAN TRI GEAR LLC

9. Urban Tri Gear LLC is a leader in triathlon goods and services with its premiere triathlon shops in Westmont and Burr Ridge Illinois and its on-line virtual Internet retail store for goods and services that features sporting goods for triathlons.

10. Since long prior to the acts of the Defendants complained of herein, and since at least as early as 2005, UTG has offered triathlon sporting goods and services to athletes training for triathlons and the like under the URBAN TRI GEAR and the Logo design R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names.

11. Since long prior to the acts of the Defendants complained of herein, and since at least early as 2005, Urban Tri Gear LLC has offered triathlon sporting goods and services in interstate commerce under the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods/service marks and trade names.

12. Urban Tri Gear LLC has expended substantial time, effort, and money extensively advertising, promoting, and marketing the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names in commerce and gained nationwide recognition and acclaim.

13. URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names distinguish the triathlon sporting goods and training services offered by Urban Tri Gear LLC from the triathlon sporting goods and training services offered by other companies, and indicate the source of the goods and services.

14. Long before the acts of Defendants complained of herein, as a result of the extensive and continuous use of the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names in commerce and the advertising and promotion of the triathlon sporting goods and training services offered by Urban Tri Gear LLC under the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names, the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names have become famous under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

15. Urban Tri Gear LLC owns a federal registration on the Principal Register of the United States Patent and Trademark Office covering the R URBANTRIGEAR SWIM BIKE RUN service mark and trade names. U.S. Reg. No. 4,194,325 issued on August 21, 2012 for R URBANTRIGEAR SWIM BIKE RUN and covers IC 035 for "On-line retail store services featuring sporting goods; Retail store services featuring sporting goods." This registration constitutes evidence of the validity of the R URBANTRIGEAR SWIM BIKE RUN service mark and trade name, Urban Tri Gear LLC's ownership of the R URBANTRIGEAR SWIM BIKE RUN service mark and trade name, and Urban Tri Gear LLC's exclusive right to use the R URBANTRIGEAR SWIM BIKE RUN service mark and trade name in connection with the services specified in its registration, pursuant to 15 U.S.C. § 1115. This registration is valid, subsisting, and in full force and effect. A copy of Reg. No. 4,194,325 is attached as Exhibit A.

16. Urban Tri Gear LLC owns a federal registration on the Principal Register of the United States Patent and Trademark Office covering the URBAN TRI GEAR goods and service marks and trade names. U.S. Reg. No. 4,290,247 issued on February 12, 2013 for URBAN TRI GEAR and covers IC 021 for "Plastic water bottles sold empty; sports bottles sold empty; squeeze bottle sold empty; reusable stainless steel water bottles sold empty" and covers IC 025 for "Clothing, namely, socks, cycling jerseys, cycling shirts, cycling shorts, wetsuits, triathlon suits, race number belts that hold a paper number on the race participant's front or back during competition, swim suits, swim caps, running shirts, running shorts, triathlon shirts, triathlon shorts, t-shirts" and covers IC 035 for "On-line retail store services featuring sporting goods; retail store services featuring sporting goods." This registration constitutes evidence of the validity of the URBAN TRI GEAR goods and service mark and trade name, Urban Tri Gear LLC's ownership of the URBAN TRI GEAR goods and service mark and trade name, and Urban Tri Gear LLC's exclusive right to use the URBAN TRI GEAR goods and service mark and trade name in connection with the goods and services specified in its registration, pursuant to 15 U.S.C. § 1115. This registration is valid, subsisting, and in full force and effect. A copy of Reg. No. 4,290,247 is attached as Exhibit B.

### DEFENDANTS'S ACTS OF INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION

17. Defendants are engaged in the business of retail sales in a storefront and on the Internet for triathlon sporting goods and services in the United States in direct competition with UTG in the United States. UTG has not authorized, licensed, or otherwise permitted Defendants to use the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names, or any other confusingly similar or dilutive variation thereof.

Notwithstanding Hanover Capital's rights in and to the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names, Defendants used, advertised, promoted, and offered for sale, in commerce, triathlon sporting goods and services under the name URBAN TRI, INC. which is confusingly similar to and dilutive of the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names.

## DEFENDANTS' WILLFULNESS

18. At the time Defendants engaged in the unlawful acts complained of herein, Defendants had actual and constructive notice under 15 U.S.C. § 1072 of the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names and the valuable reputation and good will associated therewith.

19. Even though Defendants' office is located in Edine MN, the use of its Internet web site under the Domain Name of www.urbantri.net brings the sale of its goods and services under the confusingly similar trademark and registered Domain Name for its URL right to UTG's doorstep at its retail stores in Westmont and Burr Ridge, Illinois by the use of its Internet web site with a confusingly similar Domain Name to UTG's registered trademarks for conducting the sale of triathlon goods and services to compete with UTG.

On March 13, 2013, UTG sent a cease and desist letter to Defendants notifying them of its rights in the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names and demanding that Defendants cease and desist its infringing and diluting misconduct, but Defendants have refused to do so. Defendants continue to offer their retail sales of triathlon sporting goods and services under the mark and tradename URBAN TRI and URBAN TRI, INC., respectively, in close proximity to the word GEAR and the words SWIM BIKE RUN

4006908_1

on its Internet web site Home Page despite actual and constructive notice of UTG's admitted rights in the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names. Defendants' actions have been and continue to be willful and intentional acts intended to trade on the reputation and good will of the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names, to confuse and deceive consumers, and to cause dilution of the distinctive quality of the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names.

## COUNT I

### FEDERAL GOODS AND SERVICE MARK INFRINGEMENT

20. As its first ground for relief, UTG hereby alleges federal trademark and service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). UTG repeats and realleges the allegations of Paragraphs 1 through 22 as though fully set forth herein.

21. Defendants' unauthorized use of marks similar to the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN for goods and service marks and trade names in connection with the Defendants' retail sale of triathlon sporting goods and services through a shop and over the Internet is likely to cause confusion, mistake, or deception as to source, origin, association, or sponsorship. The relevant public is likely to believe that the Defendants' URBAN TRI and URBAN TRI, INC. originates with, is sponsored by, connected with, or associated with, UTG.

22. Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of UTG'S rights in the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names.

23. Defendants' unauthorized and infringing acts have occurred in commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to UTG, for which UTG has no adequate remedy at law.

## COUNT II

FEDERAL UNFAIR COMPETITION

24. As its second ground for relief, UTG hereby alleges federal unfair competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1). UTG repeats and realleges the allegations of paragraphs 1 through 27, as though fully set forth herein.

25. Defendants' use in commerce of URBAN TRI and URBAN TRI, INC. is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with URBAN TRI GEAR LLC, or as to the origin, sponsorship, or approval of Defendants' goods and services by URBAN TRI GEAR LLC, in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

26. Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful unfair competition and infringement of UTG'S rights in its URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names.

27. Defendants' unauthorized and infringing acts have occurred in commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable harm to UTG, for which UTG has no adequate remedy at law.

## COUNT III

### FEDERAL GOODS AND SERVICE MARK DILUTION

28. As the third ground for relief, UTG hereby alleges federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). UTG repeats and realleges the allegations of paragraphs 1 through 31, as though fully set forth herein.

29. Defendants' commercial use in commerce of URBAN TRI and URBAN TRI, INC. has caused and continues to cause actual dilution of the distinctive quality of the famous URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' acts are intentional and willful.

30. Defendants' unlawful acts have occurred in commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Hanover Capital, for which Hanover Capital has no adequate remedy at law.

## COUNT IV

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

31. As its fourth ground for relief, UTG hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*. UTG repeats and realleges each of the allegations of Paragraphs 1 through 34, as though fully set forth herein.

32. Defendants' aforesaid business activities have caused, and will continue to cause, a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Defendants' and UTG's businesses, inasmuch as it gives rise to the incorrect belief that Defendants' business has some connection with UTG. Said acts constitute deceptive trade

practices in the course of Defendants' business in willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*

33. Defendants' acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to UTG, for which UTG has no adequate remedy at law.

## COUNT V

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

34. As the fifth ground for relief, UTG hereby alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* UTG repeats and realleges the allegations of Paragraphs 1 through 37, as though fully set forth herein.

35. By its aforesaid acts, Defendants have caused, and are likely to cause in the future, a public injury and a detrimental effect on consumers by causing confusion or misunderstanding as to the origin or sponsorship of Defendants' products and services. Said acts constitute unfair methods of competition and unfair or deceptive acts or practices in willful violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

36. Defendants' acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to UTG, for which UTG has no adequate remedy at law.

## COUNT VI

### COMMON LAW UNFAIR COMPETITION

37. As the sixth ground for relief, UTG hereby alleges unfair competition in violation of Illinois common law. UTG repeats and realleges the allegations of Paragraphs 1 through 40, as though fully set forth herein.

38. As a result of its actions complained of herein, Defendants have caused confusion, or are likely to cause confusion or mistake, or to deceive members of the consuming public and

4006908_1

the trade. Defendants have misappropriated valuable property rights of UTG, have passed off its goods and services as those of UTG, and are trading on the good will symbolized by the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names. Said acts, which are willful, constitute unfair competition in violation of the common law of the State of Illinois.

39. Defendants' acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to UTG, for which UTG has no adequate remedy at law.

**WHEREFORE**, UTG prays that this Court enter the following judgment and order:

1. That Defendants have violated the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), have violated the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and have committed acts of unfair competition in violation of the common law of Illinois;

2. That UTI, its officers, directors, agents, servants, employees, attorneys, and all those in active concert or participation with them, including but not limited to TODD OLSON, be preliminarily and permanently enjoined and restrained from:

   A. Advertising, promoting, offering to sell or selling services under the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names, or any other service mark or trade name that gives rise to a likelihood of confusion, mistake or deception or in any way causes dilution of the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names;

B. Trading on the good will associated with the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names, and passing off its services as those of UTG;

C. Doing any other act or thing likely to induce the mistaken belief that Defendants' services are in any way affiliated with, associated with, or sponsored by UTG, or doing any other act or thing likely to cause confusion or cause dilution with respect to the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names;

D. Using the Domain name of www.urbantri.net or any Domain name including the words "urban" and/or "Tri" either in combination or singularly with any suffix as .com, .net, .gov, .org etc. or any other suffix for triathlon sporting goods derivatives in a name similar to URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN for goods and services mark or tradenames;

E. Using a Tradename or Corporate name, Borrowing money, opening and operating vender or distributor accounts, or otherwise executing contracts using the name or tradename similar to URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN for the sale of goods and services in a retail shop or over the Internet; and

F. Unfairly competing with UTG in any manner whatsoever.

3. That, pursuant to 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction all labels, packages, brochures, wrappers, advertisements, promotions, displays,

catalogs, change the Defendants corporate name and/or tradename, change the current Internet web pages, change all owned Domain Names using the words "urban and/or Tri" in the Domain name and surrender the ownership of any similar Domain Name to UTG and all other matters, whether in paper or electronic form, in the custody or under the control of Defendants that constitute, bear or depict the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names, or any confusingly similar variation thereof;

4. That Defendants be ordered to recall from all its customers or agents, all brochures, labels, packages, wrappers, advertisements, promotions and all other matter, bearing the URBAN TRI GEAR and R URBANTRIGEAR SWIM BIKE RUN goods and service marks and trade names, or any other confusingly similar or dilutive variation thereof;

5. That UTG be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

    A. All profits received by Defendants from sales and revenues of any kind made as a result of its acts of infringement, unfair competition, and dilution; and

    B. All damages sustained by UTG as a result of Defendants' acts of infringement, unfair competition, and dilution, said amount to be trebled due to Defendants' willful actions.

6. That Defendants be ordered to compensate UTG in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion caused by Defendants' unlawful acts complained of herein;

7. That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve on UTG within thirty (30) days after issuance of an injunction, a report in writing and

4006908_1

under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

8. That, because of the exceptional nature of this case resulting from Defendants' deliberate and willful actions, this Court award to UTG all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117; and

9. That UTG have such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, UTG hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Urban Tri Gear LLC,

Dated: April 19, 2013    By:    /s/ Michael J. Femal
Michael J. Femal  (Reg. No. (0792012)
Much Shelist PC
Suite 1800
191 North Wacker Drive
Chicago, Illinois 60606
TEL: 312.521.2768
FAX: 312.521.2868